DORA GREENE, *ET AL.*, PLAINTIFFS, v. LEON SCHMURAK, *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 26, 1955.

*Mr. Reuben P. Goldstein*, attorney for the plaintiffs.

*Mr. Milton T. Lasher*, attorney for the defendants.

STANTON, J. S. C.   This is an action for the construction of the will of Rose Schmurak who died on January 4, 1952. The testatrix was survived by three children, Dora Greene, Leon Schmurak and Robert Schmurak. The latter two and Beatrice Alterowitz were appointed and qualified as executors.

The provisions of the will which give rise to this action are as follows:

"THIRD : All the rest, residue and remainder of my estate, real. personal and mixed, whatsoever and wheresoever situate, and every interest therein, I give, devise and bequeath unto my children, DORA GREENE, LEON SCHMURAK and ROBERT SCHMURAK, to them, their heirs and assigns forever, to be divided among them in the following proportions, *viz*: FIFTY (50%) PER CENT to my daughter, DORA GREENE, TWENTY-FIVE (25%) PER CENT to my son, LEON SCHMURAK, and TWENTY-FIVE (25%) PER CENT to my son, ROBERT SCHMURAK.   It is my wish, and I hereby direct that my said estate be divided in such manner only so long as my said sons, Leon Schmurak and Robert Schmurak retain possession of all of my real estate; should my said sons, Leon Schmurak and Robert Schmurak dispose of or sell my said real estate, then and in that event I hereby direct that my said residuary estate be divided among my said daughter, DORA GREENE, and my said sons LEON SCHMURAK and ROBERT SCHMURAK, in the following proportions, *viz*: SEVENTY (70%) PER CENT to my said daughter, Dora Greene, FIFTEEN (15%) PER CENT to my said son Leon Schmurak, and FIFTEEN (15%) PER CENT to my said son, Robert Schmurak.

FOURTH : I hereby appoint my sons, LEON SCHMURAK and ROBERT SCHMURAK and BEATRICE ALTEROWITZ, to be executors of this my Last Will, with full, complete and ample power to sell, mortgage, lease or otherwise dispose of my property, real, personal and mixed, at such times, at such prices and upon such terms as they may deem best, and to give and execute all necessary or required documents to consummate any such disposition thereof, and I give them power to retain such of my investments as they may deem it wise to retain, notwithstanding such investments may not be investments such as are permitted to be made by executors under the laws of New Jersey.   I request and direct that my said executors be not required to give bonds as such in any jurisdiction.

FIFTH : It is my wish and I hereby direct that the share of my daughter, Dora Greene, herein devised to her, be paid over to her in

monthly installments of ONE HUNDRED ($100.00) DOLLARS, each and every month during the term of her natural life, and upon her death, I give devise and bequeath her share in my said estate, unto her children, to them, their heirs and assigns forever. It is my further wish and I hereby direct that in the event that said sum of ONE HUNDRED DOLLARS ($100.00) each month, shall not be sufficient for my said daughter, Dora Greene, to get along on, then she shall be paid such sum in excess thereof, each month, as shall be necessary for her to get along on."

Mrs. Greene has two children, and they join with her as plaintiffs in contending that she took in fee 50% of the residue of her mother's estate.

This case presents a problem that arises in varying forms when a seemingly inconsistent or repugnant disposition of property is made between a first and subsequent takers. In *Trafton v. Bainbridge*, 125 *N. J. Eq.* 474 (*E. & A.* 1939), the court referred to three rules which had been developed to govern testamentary disposition of this kind and cited cases in support thereof. The first is that where there is a devise or a bequest of property to A, in terms indicating clearly that a fee simple or an absolute estate is intended to be given, a fee passes; and that a gift over to B, at A's death, of the same property or what remains of it, is invalid and passes nothing. The second is that where a bequest or devise to A is in terms indicating clearly that only a life estate is intended to be given and although A receives a power of absolute disposal of the property without any limit or restriction as to the time or manner of its execution, A takes only a life estate with a power of disposition, and a subsequent gift to B, upon A's death, of such part of the property as remains undisposed of, is valid and effective. The third is that where there is a devise or bequest to A, in general or indefinite terms only, expressing neither a fee nor a life estate, and there is given to A an unlimited power of disposal, and there is a subsequent devise of the same property or what may remain of it to B, upon A's death, the devise or bequest to A is construed to pass a fee and the gift over to B is invalid. Judge Clapp in 5 *N. J. Practice, secs.*

233, 235 and 236, discusses these rules and the cases supporting them as well as some that express a differing view.

■ In the dissenting opinion in *Fox v. Snow*, 6 *N. J.* 12 (1950), by Chief Justice Vanderbilt, which criticized the technical rule of law which there defeated the plain intent of a testatrix, there is an extensive discussion of the doctrine which had its origin in an opinion by Chancellor Kent in *Jackson ex dem. Livingston v. Robins*, 16 *Johns.* 537 (*N. Y. Ct. App.* 1819); and at *pages* 20 and 21 of 6 *N. J.* there is a reference to a number of decisions of this State dealing with the problem. *Fox v. Snow* led to the enactment of a statute in 1951 which is allocated to *N. J. S.* 3*A*:3–16, and which is as follows:

"In any devise or bequest of real or personal property set forth in the will of a testator dying after January 1, 1952, the giving to one person of an indeterminate or other interest in the property or an estate in fee therein or absolute ownership thereof, together with a power, absolute or otherwise, to dispose of the property, shall not be construed to render void a limitation over of the property to another person which is to take effect in the event that the first named devisee or legatee shall not have disposed of the property during his lifetime. In all such cases, the testator's intent shall be given effect."

As a result of this statute, the giving to A of a fee, an absolute interest or an indeterminate interest together with a power of disposition will not *ipso facto* render void a limitation over of the property to B, which is to take effect in the event that A fails to dispose of the same. In such a case, the testator's intent shall be given effect.

■ In the construction of a will it is well settled that the intention of the testator is to be ascertained from the entire will considered in the light of the surrounding circumstances; the whole will is to be taken together, and it is to be so construed as to give effect, if possible, to the whole; and when the intent of the testator has been ascertained effect is to be given it. *Smith v. Bell*, 6 *Pet.* 68, 31 *U. S.* 68, 8 *L. Ed.* 322 (1832); *Kutschinski v. Sheffer*, 109 *N. J. Eq.* 659 (*E. & A.* 1932); *Trafton v. Bainbridge, supra; National*

*State Bank of Newark v. Stewart,* 135 *N. J. Eq.* 603 (*E. & A.* 1944).

The testatrix was a widow when she made her will on September 18, 1946. She had three children, all of whom are provided for in the will. Her daughter, Mrs. Greene, now 51 years of age, is a deaf mute. Her husband, aged 54, and having modest gainful employment, is also a deaf mute. They have two children, both married, who are plaintiffs herein. The testatrix' sons are pharmacists engaged in their own business. The personal estate left by the testatrix was not sufficient to pay the debts, administration expenses and inheritance taxes. She was seized at her death of three apartment houses, one containing 16 dwelling units, another 18 such units and two stores, and the third four dwelling units.

At the beginning of the third paragraph of the will the testatrix used language which of itself would pass one-half of the residue of her estate to Mrs. Greene in fee. She then provided that in the event that her sons should sell or dispose of her real estate that Mrs. Greene's interest in the residue would rise to 70% thereof, while that of each of the sons would fall to 15%. In the fifth paragraph she directed that the share of Mrs. Greene be paid over to her in monthly installments of $100 each and every month during the term of her natural life, and upon her death she gave, devised and bequeathed such share to Mrs. Greene's children, their heirs and assigns forever. Then follows a provision that in the event such sum shall not be sufficient for Mrs. Greene "to get along on, then she shall be paid such sum in excess thereof, each month, as shall be necessary for her to get along on." It is to be noted that nowhere in the will is Mrs. Greene given any power of disposal of the interest given to her other than is implicit in the words in the third paragraph which import a fee.

In the fourth paragraph the testatrix appointed her executors and gave them powers beyond those required by executors to settle an estate; some of them are such as are ordinarily given to a trustee.

Following the rules of construction set forth above, it is clear that the primary and dominant intention was to insure a monthly income to Mrs. Greene throughout her life; that she intended that each of her sons should have 25% of the residue in fee, subject to being divested, in the event of the sale by them of the real estate of which the testatrix died seized, of 40% of their shares, *cf. Kutschinski v. Sheffer, supra*; that the remaining 50% of the residue should be held by the executors in trust to pay Mrs. Greene therefrom $100 monthly, and if that be insufficient for her "to get along on," such further sum in excess thereof monthly as shall be necessary for that purpose; and in the event that the testatrix' sons shall be divested of part of the devise to them, such part shall be added to what is held in trust for Mrs. Greene; and upon her death what remains in trust shall pass to her children in fee. *Cf. Jones' Executors v. Stites,* 19 *N. J. Eq.* 324 (*Ch.* 1868); *West Side Trust Co. v. Giuliano,* 106 *N. J. Eq.* 475 (*Ch.* 1930); *Reid v. Stankowitch,* 10 *N. J. Misc.* 1006 (*Ch.* 1932); *Higgins v. Mispeth,* 118 *N. J. Eq.* 575 (*Ch.* 1935); *Whitehead v. McCoy,* 133 *N. J. Eq.* 1 (*Ch.* 1943); *Creech v. McVaugh,* 140 *N. J. Eq.* 272 (*Ch.* 1947).